UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

AUGUSTIN MUGABO,

                       Plaintiff,

                                                                                 **DECISION AND ORDER**
       v.                                                                                22-CV-930-A

MS. JOAN WAGNER, MR. PETE, and
COMMUNITY SERVICES FOR EVERY1
(CSEVERY1.COM),

                       Defendants.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

## **INTRODUCTION**

*Pro se* Plaintiff Augustin Mugabo ("Plaintiff") has filed a complaint (Dkt. No. 1) against Ms. Joan Wagner, Mr. Pete, and Community Services for Every1 (collectively, "Defendants"), alleging Defendants violated his federally protected rights. Plaintiff has also moved to proceed *in forma pauperis* ("IFP") (Dkt. No. 2) and has moved to expedite (Dkt. No. 3) the proceedings. The motion to expedite is denied as moot due to the issuance of the instant Decision and Order.

A court may grant IFP status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. §1915(a)(1). Plaintiff's Affirmation in support of his motion for IFP status demonstrates he meets this standard. The Court therefore

authorizes the commencement of the case without Plaintiff's prepayment of fees and grants Plaintiff's IFP motion.[1]

However, for the reasons set forth below, upon the Court's screening of the Complaint, it is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## **DISCUSSION**

The Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

In conducting its review under 28 U.S.C. § 1915(e)(2)(B) and assessing whether Plaintiff's complaint "is frivolous or malicious," this Court notes that a complaint is "frivolous" under the law when, inter alia, it "has no arguable basis in law or fact" or "is based on an indisputably meritless legal theory." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)) (quotation marks omitted). A complaint "fails to state a claim on which relief may be granted" when it lacks "sufficient factual matter, accepted as true, to state a claim to

---

[1] Plaintiff has regularly been granted IFP status in other lawsuits he has commenced in this District.  *See*, *e.g.*, 9-CV-681, 11-CV-423, 11-CV-898, 16-CV-870, 20-CV-348, 20-CV-409, 20-CV-1354, 20-CV-1390.

2

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Finally, a complaint may also be dismissed as "frivolous" when 'it is clear that the defendants are immune from suit.'" *Montero*, 171 F.3d at 760 (quoting *Neitzke*, 490 U.S. at 327). If a complaint is frivolous or fails to state a claim, or a defendant is immune from suit, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2).

These rules are interpreted liberally in the case of self-represented, *pro se*, plaintiffs like Mr. Mugabo. Indeed, it is well-established that "*[p]ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (*per curiam*) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements ... are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S.

3

at 678, and the Court's leeway in interpreting a pro se complaint—such as that filed here—"has limits, however – and one limit is that the court may not fill the gaps in a *pro se* plaintiff's complaint by imagining facts that are not alleged." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

If a *pro se* complaint is dismissed upon initial review, the court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999): *see*, *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.").

I.      **The Complaint**

The following recitation of facts are taken from the Complaint. Plaintiff frames the lawsuit as asserting one cause of action.

Plaintiff resides in an apartment building at 2415 Delaware Avenue, in Buffalo, New York, as do defendants Ms. Joan Wagner and Mr. Pete, the latter who is "associated with Ms. Wagner['s] family."[2] Plaintiff alleges that from April 30, 2013, to the present, his landlord, Community Services for Every1, in conjunction with its

---

[2] Mr. Pete's apartment number is identical to Plaintiff's. It is unclear if this is a typo, or whether Mr. Pete is Plaintiff's roommate.

4

tenants, "jointly wiretapped [Plaintiff's] internet and phone lines." He also alleges they "launch[ed] electronic attacks [against him] in [the] form of directed energy to [his] body inside [his] own home." (Dkt. No. 1, pp. 3-4). According to Plaintiff, Ms. Joan Wagner engages in this wiretapping and listens to Plaintiff's conversations in this way. Plaintiff seeks $10 million in damages for Defendants purportedly causing him to lose family and friends due to "long separation," and financial loss including "work and eviction projects [being] destroyed."

II.     **Dismissal of the Complaint for Failure To State a Claim**

"Federal courts at all levels always begin their work with a simple question: Has Congress given us authority to hear and decide this matter? Statutory jurisdiction goes to the heart of a federal court's power, and federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Tronox Inc. v. Kerr-McGee Corp. (In re Tronox Inc.)*, 855 F.3d 84, 95 (2d Cir. 2017) (internal quotation marks and citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In the Civil Cover Sheet accompanying the Complaint, Plaintiff states that the basis for this Court's jurisdiction is federal question, and he identifies the nature of the suit as personal injury, *i.e.*, assault, libel, and slander. Plaintiff cites to various provisions of the United States Code throughout the Complaint that Defendants purportedly violated.

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case

arises under federal law within the meaning of § 1331 if the complaint "establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734 (2d Cir. 2007), quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).  Where a "[c]omplaint is devoid of facts demonstrating a federal law claim…mere invocation of federal jurisdiction is not enough to confer federal question jurisdiction on the Court," so that "subject-matter jurisdiction" is lacking. *Suozzo v. Beck Chevrolet Co.*, No. 22-CV-1071 (PMH), 2022 WL 719274, at *2 (S.D.N.Y. Mar. 10, 2022) *Chambliss v. Elderplan/ HomeFirst*, 18-CV-0501 (CM), 2018 U.S. Dist. LEXIS 49832, *4 (S.D.N.Y. Mar. 23, 2018), citing *Tournesol Des Champs LLC v. Waizeneggar*, No. 20-CV-09554, 2021 WL 1317343, at *1 (S.D.N.Y. Apr. 8, 2021); *Glickstein v. Johnson*, No. 20-CV-04161, 2020 WL 4676651, at *3 (S.D.N.Y. Aug. 11, 2020)"); *see also Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff cites several federal criminal statutes and asserts they provide a federal basis for his claim, including "18 U.S.C. Sec. 24; 18 U.S.C. Sec 2332 Are Federal Crimes As Against Wiretap Act, 18 U.S.C 2552", (Dkt. No. 1, p. 1), and "Title 1 of ECPA[,] *Katz v. United States*[,] …42 U.S.C. Sec. 1983 and 18 U.S.C. 249 – Hate Crime Act." (Dkt. No. 1, p. 4).

Plaintiff first cites 18 U.S.C. § 24, which defines the term "Federal health care offense" as "a violation of, or a criminal conspiracy to violate" a number of health-care related offenses, for example, 18 U.S.C. § 1035 (false statements concerning health care matters) and 18 U.S.C. § 1347 (health care fraud).  It is wholly unclear to

the Court how this statute has any relevance to Plaintiff's factual assertions. That aside, the federal health care fraud statute, 42 U.S.C. § 1320a-7b, "does not provide private individuals with the right to bring a cause of action to enforce its provisions." *Mercer v. Westchester Med. Ctr.*, No. 21-CV-8268 (LTS), 2021 WL 5567617, at *3 (S.D.N.Y. Nov. 29, 2021)(citing *Riddles v. Parakh*, No. 08-CV-2373, 2008 WL 4298318, at *2 (E.D.N.Y. Sept. 16, 2008); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78-79 (D. Conn. 2007) (dismissing claims for lack of subject matter jurisdiction because the plaintiffs did not have standing to invoke a cause of action for Medicare and Medicaid fraud).

Plaintiff also asserts that 18 U.S.C. § 249 (Hate Crime Acts) provides a federal basis for his claim. That statute likewise "do[es] not contain a private right of action." *Thomas v. Thurston*, No. 18-CV-4007 (RA), 2020 WL 1082752, at *2 (S.D.N.Y. Mar. 6, 2020) (citing *Lorenz v. Managing Dir., St. Luke's Hosp.*, No. 09 Civ. 8898 (DAB) (JCF), 2010 WL 4922267, at *8 (S.D.N.Y. Nov. 5, 2010), *report and recommendation adopted*, No. 09 Civ. 8898 (DAB), 2010 WL 4922541 (S.D.N.Y. Dec. 2, 2010); and *Pierce v. N.Y. State Police (Troop D Lowville)*, No. 05-CV-1477 (GHL), 2011 WL 1315485, at *7 (N.D.N.Y. Apr. 4, 2011) ("[T]he federal criminal hate crime statute, 18 U.S.C. § 249(a), does not create a private right of action.")).

Unlike the preceding statutes, "the Wiretap Act may afford a private cause of action to an aggrieved individual who has had her oral communications intentionally intercepted by a party to those communications for the purpose of committing a crime or tort. 18 U.S.C. §§ 2520, 2511(1), 2511(2)(d)." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). However, to do so, an aggrieved party such as Plaintiff must

7

"allege a tort that could provide the independent tortious intent necessary to bring a civil claim under the Wiretap Act." *Id*.

As the Second Circuit has recognized, "to bring a claim under the Wiretap Act, the offender must intercept with tortious intent that relates to a tort independent from the act of recording itself, and invasion of privacy by intrusion on the seclusion of another cannot serve that purpose." *Id.*, at 101-102.  Here, Plaintiff does not allege an independent tort (or criminal act) that is independent of any act of recording, which is required to state a civil cause of action under the Wiretap Act. *Id*. As the Second Circuit has noted, to establish a civil cause of action under the Act, it must be alleged that:

> At the time of the recording the offender must intend to use the recording to commit a criminal or tortious act. Merely intending to record the plaintiff is not enough. If, at the moment he hits "record," the offender does not intend to use the recording for criminal or tortious purposes, there is no violation. But if, at the time of the recording, the offender plans to use the recording to harm the other party to the conversation, a civil cause of action exists under the Wiretap Act.
>
> * * *
>
> Thus, to survive a motion to dismiss, a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is independent of the intentional act of recording.

*Id.*, at 99–100.  Here, beyond failing even to allege how his communications were intercepted by those he names, Plaintiff has failed to allege any facts even suggesting that such individuals or entities intercepted communications for the purpose of the commission of some tortious or criminal act independent of the intentional act of recording.

8

Finally, Plaintiff also cites 42 U.S.C. § 1983.  Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*.

The Complaint fails to show that defendants, including Community Services for Every1, even qualify as state actors who may be held liable under § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first established that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.").  "The fact that an entity receives public funds does not turn private action into state action." *Escalera v. Samaritan Vill. Men's Shelter*, No. 17-CV-4691 (CM), 2019 WL 4735359, at *2 (S.D.N.Y. Sept. 27, 2019) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982)).  Here, Plaintiff complaint contains absolutely no allegations that there was any state action sufficient to give rise to any colorable § 1983 claim. Accordingly, Plaintiff cannot state a claim pursuant to section 1983, and the Court therefore lacks jurisdiction over Plaintiff's Complaint under 42 U.S.C. § 1983.

9

For these reasons, the Court dismisses Plaintiff's complaint for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Dismissal of the Complaint as Factually Frivolous

Even if there was some basis for this Court to conclude that it had jurisdiction over Plaintiff's complaint, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. at 325. The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions; are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id*. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Here, the minimal factual allegations alleged by Plaintiff in support thereof are "fanciful, fantastic and delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011); see also *id*. ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992))). Section 1915 "grants the 'power to pierce the veil of the complaint's factual

10

allegations and dismiss those claims whose factual contentions are clearly baseless,' including those 'describing fantastic or delusional scenarios.'" *Banks v. Simmons First Nat. Bank*, No. 97CV04805(JG), 2006 WL 1455463, at *1 (E.D.N.Y. May 22, 2006) (quoting *Neitzke*, 490 U.S. at 327). Plaintiff's allegations that his "landlord with their tenants jointly wiretapped [his] internet and phone lines as well as launching electronic attacks in the form of directed energy to my body inside my own home," Dkt. No. 1, p. 4, are factually frivolous and fail to state a claim upon which relief may be granted.

Federal courts routinely dismiss allegations regarding broad-based conspiracies of computer hacking, surveillance, tracking, and the like, as factually frivolous under § 1915 where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible.  *See, e.g., Barnes-Velez v. Fed. Commc'n Comm'n*, Civ. A. No. 18-634, 2018 WL 4178196, at *1-3 (M.D. Fla. May 8, 2018), *report and recommendation adopted*, 2018 WL 4153937 (M.D. Fla. Aug. 30, 2018) (dismissing pro se plaintiff's complaint as frivolous under § 1915(e)(2)(B)(i) and concluding that the complaint made "fanciful, fantastic, and delusional" allegations against the FCC, the FBI, and the NSA asserting that defendants wiretapped Plaintiff's home, including her cell phone and home phone, illegally hacked her computer and tablet, installed cameras in her home, tampered with her mail, and disclosed the information obtained from these efforts to third parties); *Hughes v. Whitlock*, Civ. A. No. 07-1582, 2007 WL 3026910, at *1 (E.D. Mo. Oct. 16, 2007) (granting defendant's Rule 12(b)(6) motion and finding the complaint was "obviously

delusional" where *pro se* plaintiff alleged his neighbors were conducting surveillance on him and hacking his computers on behalf of the United States government).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). For these reasons, the Court dismisses Plaintiff's complaint as factually frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice; and it is further

**ORDERED** that Plaintiff may file a motion for leave to amend his Complaint to remedy the deficiencies identified herein no later than thirty (30) days following the date of this Decision and Order.

The Clerk of the Court is directed to take all steps necessary to close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369

U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                                *s/Richard J. Arcara*
                                          HONORABLE RICHARD J. ARCARA
                                          UNITED STATES DISTRICT COURT

Dated:   April 15, 2024
         Buffalo, New York